Mark D. Kremer (SB# 100978)
 *m.kremer@conklelaw.com*
Rebecca Bellow (SB# 293360)
 *r.bellow@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>GROUPON, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE No.<br><br>COMPLAINT FOR:<br><br>1.  FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING<br>    [15 U.S.C. § 1114]<br><br>2.  FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION<br>    [15 U.S.C. § 1125(a)]<br><br>3.  STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING<br>    [B&P CODE §§ 17200 & 17500]<br><br>4.  COMMON LAW UNFAIR COMPETITION AND CONSPIRACY TO COMPETE<br><br>DEMAND FOR JURY TRIAL |

2522.082\9885

COMPLAINT

**JURISDICTION AND VENUE**

1. This action arises under and this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), 15 U.S.C. § 1121 (registered trademarks), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 1338(b) (unfair competition). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because, on information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter is between a California corporation and a Delaware corporation.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendants are subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

**SUMMARY OF MOROCCANOIL'S CLAIMS**

3. Plaintiff Moroccanoil, Inc., a California corporation located in Los Angeles, California ("Moroccanoil" or "Plaintiff"), distributes "salon only" hair care products in Los Angeles County and throughout the United States, including but not limited to: (a) Moroccanoil Treatment, (b) Moroccanoil Hydrating Styling Cream, (c) Moroccanoil Restorative Hair Mask, (d) Moroccanoil Intense Hydrating Mask, (e) Moroccanoil Intense Curl Cream, (f) Moroccanoil Glimmer Shine Spray, (g) Moroccanoil Moisture Repair Shampoo, (h) Moroccanoil Moisture Repair Conditioner, and (i) Moroccanoil Luminous Hair Spray (collectively, the "Moroccanoil Products").

4. All of the Moroccanoil Products bear one or more of Moroccanoil's trademarks, including the marks "MOROCCANOIL®" the "M Moroccanoil Design" and the "Vertical Moroccanoil M Design" which are federally registered (Nos.

3,478,807, 3,684,910, & 3,684,909) in Class 3 on the Principal Register of the United States Patent and Trademark Office ("Moroccanoil Trademarks").

5. Moroccanoil Treatment is one of the most popular products in the line of Moroccanoil Products. It is packaged in 3.4 fluid ounce, amber colored, druggist-style bottles with white screw-on caps. Moroccanoil Treatment bottles have rectangular-shaped, light blue and white labels containing the Moroccanoil Trademarks and logos and information describing the contents and the usage of the product. The product inside the bottles is a viscous mix of argan oil and other ingredients and is amber colored.

6. On information and belief, Defendant Groupon has offered for sale and advertised counterfeits of Moroccanoil Treatment (and possibly other Moroccanoil Products). The counterfeit bottles of Moroccanoil Treatment offered, advertised, distributed, and/or sold by Defendant: (a) are packaged in similar 3.4 fluid ounce (100 mL), amber colored, druggist-style bottles with white screw-on caps, (b) have rectangular-shaped, light blue and white labels containing imitations of the Moroccanoil trademarks, logos and information describing the contents and the usage of the product, that are virtually indistinguishable from authentic Moroccanoil Treatment and (c) contain counterfeit oil inside the bottles that has a color and fragrance similar to that of genuine Moroccanoil Treatment.

7. Moroccanoil does not sell its products to Groupon, nor is Groupon an authorized Moroccanoil supplier or distributor.

**THE PARTIES**

8. Plaintiff Moroccanoil, Inc. is a California corporation with its principal place of business at 16311 Ventura Blvd., Ste. 1200, Los Angeles, CA 91436.

9. Plaintiff is informed and believes that Defendant Groupon, Inc. ("Groupon") is a Delaware corporation with its principal place of business located 600 West Chicago Avenue, Chicago, Illinois 60654. Plaintiff is informed and believes that Groupon advertises, distributes and sells products throughout the United States, including in Los Angeles County, California. Plaintiff is informed and believes that Groupon is the registrant and/or owner of the website located at https://www.groupon.com/.

10. Moroccanoil believes there are other businesses that offer, advertise, supply, obtain, distribute and/or sell counterfeit Moroccanoil Products and sues them by fictitious names DOES 1 through 10.

11. Moroccanoil believes there is a manufacturing company, or companies, that manufacture and sell counterfeit Moroccanoil Products and sues them by fictitious names DOES 11 through 20.

12. Other than as alleged in this Complaint, Moroccanoil is ignorant of the true identities and participation of DOES 1 through 20, and therefore sues them by such fictitious names. Moroccanoil is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts, omissions, damages, and injuries of which Moroccanoil alleges in this Complaint. Moroccanoil will seek to amend this Complaint to state the true identities of DOES 1 through 20 when ascertained. Groupon and the Doe Defendants are referred to collectively as "Defendants."

13. On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged

herein and causing the injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship. The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

14. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity Defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

**THE MOROCCANOIL PRODUCTS AND INTELLECTUAL PROPERTY**

15. All of the Moroccanoil Products bear one or more trademarks ("Moroccanoil Trademarks") which are federally registered in Class 3 on the principal register of the United States Patent and Trademark Office ("USPTO"), including but not limited to:

    a. the word "Moroccanoil" - USPTO Registration No. 3,478,807;

    b. "M Moroccanoil Design" - with the word Moroccanoil in white horizontal lettering through the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,909 (pictured below); and



c. "M Moroccanoil Design" - with the word Moroccanoil in white vertical lettering next to the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,910 (pictured below); and



d. The Moroccanoil scent – a high impact fragrance primarily consisting of musk, vanilla, rose, and lavender, USPTO Registration No. 4,057,947.

16. Since January 2007, Moroccanoil has continuously used one or more of the Moroccanoil Trademarks in commerce in the United States. As a result of its success, Moroccanoil has built goodwill and value in the Moroccanoil Trademarks such that consumers associate them exclusively with Moroccanoil.

17. Each genuine Moroccanoil Oil Treatment product is packaged in 3.4 fluid ounce, amber colored, druggist-style bottles with black screw-on caps. The turquoise blue, rectangular-shaped front labels of the Moroccanoil Oil Treatment products contain the Moroccanoil logo with an orange-colored "M" and the word "MOROCCANOIL" in white, capital letters vertically up the left hand side of the label,

as well as the words "Moroccanoil Treatment", "for all hair types", and "alcohol free" in English and Spanish.  The turquoise blue, rectangular-shaped back labels of the Moroccanoil Oil Treatment products contain the Moroccanoil logo with an orange-colored "M" and the word "MOROCCANOIL" in white, capital letters, a description of the product and its usage in English and Spanish, and the words "sold in professional salons worldwide".  Each genuine bottle includes a sticker that extends from the top of the bottle cap down to the front of the bottle bearing the words "The Original".  Each bottle of genuine Morocanoil Oil Treatment product has the Moroccanoil Trademarks on it.

18.  The packaging in which Moroccanoil sells its products ("Moroccanoil Trade Dress") has acquired secondary meaning and has become exclusively associated with Moroccanoil in the minds of consumers.  The Moroccanoil Trade Dress is the overall appearance of the Moroccanoil Products' packaging and advertising, including but not limited to each of the following elements individually and in combination with one another: the Moroccanoil trademarks; distinctive turquoise blue color; copper orange lettering, graphics and background design elements; copper orange and white lettering, graphics and background design elements on a turquoise blue background; and an amber bottle packaged in a rectangular turquoise blue box.  The Moroccanoil Trade Dress is non-functional and has been in use in commerce since at least January 2007.

19.  Moroccanoil distributes in the United States hair and body care products utilizing Moroccanoil's distinctive trademarks and trade dress (the "Moroccanoil Products").  A true and correct color photograph of Moroccanoil's signature Moroccanoil Oil Treatment product is shown below.

**Moroccanoil Oil Treatment**

 

### THE COUNTERFEIT AND INFRINGING PRODUCTS

20. Moroccanoil, Inc. does not sell its products to Groupon and Groupon is not an authorized Moroccanoil supplier or distributor. Defendants are not authorized to print or apply any Moroccanoil trademark on any packaging for Moroccanoil products.

21. In or around August 2015, Moroccanoil was informed of the counterfeit distribution of Moroccanoil Products through Groupon's e-commerce marketplace.

22. The counterfeit Moroccanoil Products offered and advertised by Defendants are nearly identical imitations of genuine Moroccanoil Treatment sold by Moroccanoil in the United States. The trade dress of the counterfeit product is nearly identical to the Moroccanoil trade dress, including the size, shape, color, wording, and overall appearance of the products. The counterfeit product labels bear copies of Moroccanoil's Trademarks. An image of the counterfeit product sold by Groupon is pictured below:



23. An image of Groupon's offer, taken from their website https://www.groupon.com/deals/gg-moroccan-oil-hair-treatment featuring the counterfeit Moroccanoil product is pictured below:



# FIRST CLAIM FOR RELIEF
# TRADEMARK COUNTERFEITING AND INFRINGEMENT
# (15 U.S.C. § 1114)
# AGAINST ALL DEFENDANTS

24. Moroccanoil alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23, as if fully set forth herein.

25. Based on Moroccanoil's extensive advertising under the Moroccanoil Trademarks, its extensive sales and the widespread popularity of Moroccanoil Products, as alleged herein, any product bearing one or more of the Moroccanoil Trademarks is immediately associated by purchasers and the public as being a genuine product of Moroccanoil.

26. The use of one or more copies of the Moroccanoil Trademarks by Defendants on the counterfeit bottles of Moroccanoil Treatment, which Defendants advertised and offered for sale deceives and confuses consumers into believing that the counterfeit Moroccanoil Products are genuine and made by Moroccanoil. In fact, the purported Moroccanoil Products supplied by Defendants are not genuine Moroccanoil Products and bear counterfeit and infringing copies of Moroccanoil's Trademarks.

27. Moroccanoil has not consented to or authorized the wrongful activities of Defendants as alleged herein, and the production and sale of counterfeit products by Defendants has created the false impression that the counterfeit products are manufactured, distributed, warranted, authorized, sponsored, or approved by Moroccanoil.

28. As a direct and proximate result of Defendants' counterfeiting and infringement of the Moroccanoil Trademarks, Moroccanoil has suffered damages to its

business, goodwill, and property in an amount unknown and such damages will continue to increase every day. Moroccanoil will amend its pleadings, at or before trial, to conform to proof of the amount of such damages.

29. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

30. Moroccanoil demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

31. Moroccanoil has no adequate remedy at law. Monetary compensation will not afford Moroccanoil adequate relief. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

# SECOND CLAIM FOR RELIEF
# FALSE DESIGNATION OF ORIGIN
# AND FALSE REPRESENTATION
# (15 U.S.C. § 1125(a))
# AGAINST ALL DEFENDANTS

32. Moroccanoil alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23, as if fully set forth herein.

33. The advertisement and offer for sale of counterfeit Moroccanoil Products by Defendants that are indistinguishable from authentic Moroccanoil Products constitutes a false designation of origin, false description and a false representation that the counterfeit products manufactured, distributed, offered, and/or sold by Defendants originate from, or are sponsored or authorized by Moroccanoil.

34. The activities of Defendants in advertising and offering for sale counterfeit Moroccanoil Products constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a direct and proximate result of Defendants' violations of 15 U.S.C. § 1125(a), Moroccanoil has suffered damages to its business, goodwill, and property in an amount unknown and such damages will continue to increase every day. Moroccanoil will amend its pleadings, at or before trial, to conform to proof of the amount of such damages.

36. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

37. Moroccanoil demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

38. Moroccanoil has no adequate remedy at law. Monetary compensation will not afford Moroccanoil adequate relief. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Moroccanoil will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
## UNFAIR BUSINESS PRACTICES
## (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)
## AGAINST ALL DEFENDANTS

39. Moroccanoil alleges and incorporates by reference each and every allegation, contained in Paragraphs 1 through 23, as if fully set forth herein.

40. The wrongful conduct of Defendants, as alleged herein, is in active participation and concert with the other named defendants and constitutes unfair, illegal, and/or fraudulent business practices as defined by California Bus. & Prof. Code § 17200, *et seq.*

41. This unfair competition includes, but is not limited to, the offering for sale and advertising of counterfeit Moroccanoil Products, and other related acts of unfair competition.

42. As a proximate result of Defendants' wrongful conduct, Moroccanoil has lost money or property and Defendants have been unjustly enriched.

43. Moroccanoil has no adequate remedy at law. Monetary compensation will not afford Moroccanoil adequate relief. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged Moroccanoil will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to Business & Professions Code Sections 17200 and 17500, *et seq.* to prevent Defendants from engaging in any further acts of unfair competition.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION AND
## CONSPIRACY TO UNFAIRLY COMPETE
## AGAINST ALL DEFENDANTS

44. Moroccanoil alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23, as if fully set forth herein.

45. Defendants use unfair trade practices to advertise and offer for sale counterfeit Moroccanoil Products in competition with Moroccanoil.

46. This common law unfair competition includes, but is not limited to, passing off in the course of offering for sale and advertising counterfeit Moroccanoil Products.

47. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched in an amount according to proof at trial. Moroccanoil demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

48. Moroccanoil has no adequate remedy at law. Monetary compensation will not afford Moroccanoil adequate relief. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged Moroccanoil will continue to suffer irreparable harm. Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further unlawful acts of unfair competition.

## PRAYER

WHEREFORE, Plaintiff prays for an award as follows:

1. Preliminary and permanent injunctive relief against all Defendants, and each of them, and all persons acting in active concert or participation with them, from:

   a. Offering for sale or advertising counterfeit Moroccanoil Products, or otherwise infringing the Moroccanoil Trademarks;

      b.    Using any false designation of origin or false representation concerning the genuineness any Moroccanoil Product offered by Defendants.

2.    For an order requiring Defendants, and each of them, to deliver to Plaintiff:

      a.    All products, literature, and other material bearing any counterfeits of the Moroccanoil Trademarks or any other infringement of Plaintiff's intellectual property or which falsely identifies the source of any products; and

      b.    Printing devices, labels, packing, bottles, advertising or any other items used in the manufacture, publicity, advertising or sale of products bearing any counterfeits of the Moroccanoil Trademarks.

3.    For a seizure of all counterfeit Moroccanoil goods and marks;

4.    For expedited discovery on the subject of the suppliers and purchasers of Defendants of counterfeit Moroccanoil Treatment and other Moroccanoil Products;

5.    For damages and remedies as provided by 15 U.S.C. §§ 1114, 1116, 1117, and 1125 and as provided by 19 U.S.C. § 1526;

6.    For prejudgment interest and costs; and

7.    For such other and further relief as the Court deems just and proper.

1
2  Dated: October 14, 2014                    Mark D. Kremer
3                                              Rebecca A. Bellow, members of
                                               CONKLE, KREMER & ENGEL
4                                              Professional Law Corporation
5
6
                                    By: */s/ Rebecca A. Bellow*
7                                        Rebecca A. Bellow
8                                        Attorneys for Plaintiff Moroccanoil, Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2522.082\9885                  -16-
                            COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff Moroccanoil, Inc. demands trial by jury of all triable issues.

Dated: October 14, 2014

Mark D. Kremer
Rebecca A. Bellow, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: */s/ Rebecca A. Bellow*
Rebecca A. Bellow
Attorneys for Plaintiff Moroccanoil, Inc.

2522.082\9885

-17-
COMPLAINT